Alta M. Bogle, Appellant, v. Charles H. Albers, Receiver of Lake View State Bank, Appellee.

Gen. No. 39,428.

Opinion filed December 15, 1937.

J. KENTNER ELLIOTT, of Chicago, for appellant; EDWARD T. HEINEMAN, of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee; JOSEPH B. FLEMING and THOMAS MARTINEAU, of Chicago, of counsel.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal from an order of the superior court of Cook county, sustaining a general and special demurrer to plaintiff's declaration and dismissing the suit. The declaration consists of two counts, as follows:

"Count I. For That Whereas, on, to-wit, the 11th day of August, 1928, and on each of the divers days and times hereinafter mentioned, Lake View State

Bank was a banking corporation, organized and doing business as such, under and by virtue of the laws of the State of Illinois, at the City of Chicago, therein, and on said day and at all times hereinafter mentioned, was qualified to accept and execute trusts, pursuant to the laws of the State of Illinois in that behalf made and provided, and that on said day plaintiff had on deposit or to her credit with said bank, funds and credit in the name Alta M. Melvin, her maiden name, in an amount of, to-wit, Twenty-four Thousand Dollars ($24,000.00) and upwards;

"And plaintiff avers that thereafter and pursuant to her request said bank cashed her certain check upon her aforesaid bank account, in the sum of, to-wit, Sixteen Thousand Five Hundred Dollars ($16,500.00), and charged the same against her said deposit, her said request in that behalf being in the words and figures following, to-wit:

" ' #331 So. Pixley St.
Orange, Calif.
August 11, 1928.

" 'The Lake View State Bank
Chicago, Ill.

" 'Dear Sirs:
" 'Mr. Hickey or Mr. Hattstaedt.
" 'I have this day sent to my brother Mr. W. L. Melvin, a check on your bank for $16,500—to cover real estate deal on the purchase of property at Wilson & Western and this in turn to be traded for an equity in property at 5417–19 Kenmore Ave., Chicago. This property to be held in trust at your bank.

" 'I am enclosing my savings account book #80268. You will kindly credit my account with my time certificate of deposit #1742 dated June 27, 1928 for $8,209.61 and interest according to my understanding with Mr. Hattstaedt, and after cashing check mailed

to my brother mail the savings bank book back to me here.

"'Yours very truly,
Mrs. Alta M. Melvin
Mrs. Alta M. Bogle

"'#331 So. Pixley St.'

"And plaintiff avers that the above described property in said writing described as 'property at Wilson and Western' was and is more particularly described as follows, to-wit: [Description of real estate] which was then and there known to said bank;

"And plaintiff avers that with the knowledge of said bank, the proceeds of said check were paid out and used for the plaintiff on account of the purchase for her of the above described real estate;

"And plaintiff avers that although said bank then and there had no right, title, or interest, in or to such real estate, and well knew, or by the exercise of ordinary care and foresight would have known, that the same was the property of its depositor, the plaintiff, nevertheless, without her knowledge, either upon its own responsibility, or at the instance and request of some unauthorized person who was unknown to plaintiff, took title thereto in its corporate name, to-wit: Lake View State Bank;

"And plaintiff avers that said bank, having so taken title to such real estate, thereafter did not hold or deal with the same for plaintiff's use and benefit, but, on the contrary, on, to-wit, December 4, 1928, either upon its own responsibility, or at the instance and request of some unauthorized person who was unknown to plaintiff, without her knowledge, conveyed and transferred said real estate to one Martha Melvin;

"And plaintiff avers that by means of its aforesaid acts and doings said Bank prevented her from carrying out her avowed intention of exchanging her said

above described real estate for the premises at, to-wit, 5417–19 Kenmore Avenue, Chicago, Illinois, as she had theretofore advised said Bank she intended to do;

"And plaintiff avers that as the direct consequence of said acts and doings of said Bank her said real estate was, without her knowledge or consent, mortgaged and permitted to become otherwise encumbered by the parties who have thereafter acquired title thereto, by or through the aforesaid unauthorized conveyance by said Bank, and that said mortgage and other liens have since been foreclosed or are in process of foreclosure so that plaintiff has lost or is about to lose her said property, and all her interest therein; to the damage of the plaintiff in the sum of Twenty Thousand Dollars ($20,000.00), and therefore she brings her suit, etc."

"Count II. For That Whereas, Also, the plaintiff hereby adopts the first, second, third, fourth and fifth paragraphs of the First Count as the same paragraphs of this Count, and then proceeds as follows:

"And plaintiff avers that it then and there became the duty of said Bank to refrain from dealing with said real estate, or disposing of the same, except at the direction of, or with the knowledge of plaintiff;

"But plaintiff avers said Bank nevertheless, without the direction of, and without the knowledge of plaintiff, on, to-wit, December 4, 1928, conveyed and transferred said premises out of its control and away from plaintiff, to one Martha Melvin;

"And plaintiff avers that by means of its aforesaid acts and doing said Bank prevented her from carrying out her avowed intention of exchanging her said above described real estate for the premises at, to-wit, 5417–19 Kenmore Avenue, Chicago, Illinois, as she had theretofore advised said Bank she intended to do;

"And plaintiff avers that as the direct consequence of said acts and doings of said Bank her said real es-

tate was, without her knowledge or consent, mortgaged and permitted to become otherwise encumbered by the parties who have thereafter acquired title thereto, by or through the aforesaid unauthorized conveyance by said Bank, and that said mortgage and other liens have since been foreclosed or are in process of foreclosure so that plaintiff has lost or is about to lose her said property, and all her interest therein; to the damage of the plaintiff in the sum of Twenty Thousand Dollars ($20,000.00), and therefore she brings her suit, etc.''

The abstract states that the general and special demurrer filed by the defendant alleges plaintiff's declaration fails to state a cause of action; that no duty or obligation rested upon the Lake View State Bank to plaintiff other than to cash her check and pay the proceeds to W. L. Melvin, which duty it performed; that said bank was under no duty to deal for purchase or acquire or hold the real estate referred to in the said declaration for plaintiff's benefit as agent or in trust; that plaintiff's injury, if any, was inflicted by W. L. Melvin and not by said bank; that no duty rested upon said bank to refrain from dealing with the real estate in question or from disposing of the same without the direction or knowledge of this plaintiff; that said declaration is uncertain, informal and insufficient, fails to set out the facts upon which she based her cause of action, is but the conclusion of the pleader, is duplicitous in that it alleges in the same count several injuries to have been sustained.

§ 166, sec. 42, ch. 110, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 104.042, provides that ''no pleading shall be deemed bad in substance which shall contain such information as shall reasonably inform the opposite party of the nature of the claim . . . which he is called upon to meet.''

We are of the opinion that the complaint filed here meets the requirement of the statute. The order sustaining the demurrer is reversed and the cause remanded.

*Reversed and remanded.*

HEBEL, P. J. and DENIS E. SULLIVAN, J., concur.